UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KERRY D. MILLER,

          Plaintiff,          Case No. 1:10-cv-203

v.                                           Honorable Janet T. Neff

KENNETH A. MILLER,

          Defendant.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner. The Court has granted Plaintiff leave to proceed *in forma pauperis* without prepayment of the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for lack of subject matter jurisdiction.

**Discussion**

I. Factual Allegations

Plaintiff presently is incarcerated at the Michigan Reformatory. In his *pro se* complaint, Plaintiff sues Defendant Kenneth Miller, a resident of Grand Rapids, Michigan, who apparently was Plaintiff's landlord prior to Plaintiff's arrest.

On September 9, 2008, the Grand Rapids Police Department arrested Plaintiff. Plaintiff then contacted his sister to remove Plaintiff's belongings from his apartment. Defendant, however, would not allow Plaintiff's sister to take Plaintiff's belongings. On February 15, 2009, Defendant allegedly removed several items from Plaintiff's apartment and sold those items in his pawn shop, E & J's Outlet. Defendant also apparently threw out several items that contained Plaintiff's personal information, such as Plaintiff's check book, credit card statements and birth certificate. Plaintiff states that Defendant never had a court order to remove Plaintiff's belongings and never provided Plaintiff with an eviction notice. Defendant then left Plaintiff's furniture in the apartment to supposedly rent the apartment as a "furnished apartment." (Compl., docket #1.)

Plaintiff also complains that Defendant never credited his rent or paid for several jobs completed by Plaintiff for tree removal, painting, roof and chimney repairs, apartment repairs, concrete repairs, and lawn and snow removal services. Plaintiff finally alleges that he was hospitalized on April 22, 2009 due to the mental and physical stress caused by Defendant's actions. For relief, Plaintiff requests approximately $79,000 in compensatory and punitive damages.

II. Lack of Subject Matter Jurisdiction

The federal courts are courts of limited jurisdiction, and Plaintiff has the burden of proving the Court's jurisdiction. *United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir.

1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998); *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993). To come within the subject matter jurisdiction of the federal courts, as set forth in 28 U.S.C. §§ 1331 and 1332, a plaintiff must plead either a colorable claim arising under the Constitution or laws of the United States, or a claim between parties of diverse state citizenship with damages that exceed $75,000. *See* 28 U.S.C. §§ 1331, 1332.

Under Section 1331, the district courts are granted "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. While Plaintiff marked "federal question" as the basis of the jurisdiction of this Court on his Civil Cover Sheet, he does not raise a claim under federal law and does not allege any constitutional claim in his complaint. (Attach. 2 to Compl., docket #1.) His complaint involves allegations of Michigan law as it pertains to the unlawful retention and sale of his personal property by a landlord, and the failure of Defendant to pay for Plaintiff's services. Therefore, Plaintiff has not pled a cognizable claim of federal question jurisdiction under Section 1331.[1]

---

[1] The Court notes that although Plaintiff did not bring this civil action under 42 U.S.C.§ 1983, that statute provides a cause of action for raising constitutional claim. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Not only has Plaintiff not alleged a federal claim, he has not alleged that Defendant is a state actor. In order for a private party's conduct to be under color of state law, it must be "fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Street*, 102 F.3d at 814. There must be "a sufficiently close nexus between the State and the challenged action of [the defendant] so that the action of the latter may be fairly treated as that of the State itself." *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Plaintiff has not presented any allegations by which Defendant's conduct could be fairly attributed to the State. Accordingly, he fails to state a § 1983 claim against Defendant.

Plaintiff also fails to satisfy the requirements for diversity jurisdiction under § 1332(a)(1). While Plaintiff alleges that the amount in controversy is over $75,000, he does not allege that his citizenship differs from that of Defendant. *See* 28 U.S.C. § 1332; *see also Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (citations omitted). In his complaint, Plaintiff states that Defendant is a resident of Grand Rapids, Michigan. Plaintiff resides at the Michigan Reformatory in Ionia, Michigan. As both Plaintiff and Defendant reside in Michigan, Plaintiff does not satisfy the requirements of diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's claims.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for lack of subject matter jurisdiction.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: March 17, 2010        /s/ Janet T. Neff
                             Janet T. Neff
                             United States District Judge